# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

VINCENT HUGHES,
    Plaintiff,

v.                               CASE NO.: CACE-22-004056

WAL-MART STORES EAST, LP d/b/a
WAL-MART #1517, a Foreign Limited Partnership

    Defendant.
_____/

## SUMMONS

**Served**
Date: 4/14/22
Time: 10:20 AM
Initial: J Sala

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition and discovery in this action on:

**WAL-MART STORES EAST, LP**
**d/b/a WAL-MART #1517**
**d/b/a CT Corporation System**
**1200 South Pine Island Road**
**Plantation, FL 33324**

## IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint/petition with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiffs' Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legamente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partesinteresadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin pravio aviso del tribunal. Existen ortros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no concocea un abogado, puede llamar a una de las oficinasde asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante a Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention de numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le relai requis, vous resquez de perdre l a cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiffs' Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff(s) Attorney:
Thomas J. Jerla, Jr., Esq.
Morgan & Morgan
8151 Peters Road, 4th Floor
Plantation, Florida 33324
tjerlajr@forthepeople.com

**THE STATE OF FLORIDA**

**TO EACH SHERIFF OF THE STATE:** You are commanded to serve this Summons and a copy of the Complaint/Petition in this lawsuit, and a Notice of Compliance with Florida Rule of Judicial Administration Rule 2.516 on the above-named Defendant(s).

**DATED ON** _____ APR 13 2022

(Court Seal)

As Clerk of said Court

By: _____

Deputy

**BRENDA D. FORMAN**

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

VINCENT HUGHES,
    Plaintiff,

v.                                  CASE NO.:

WAL-MART STORES EAST, LP d/b/a
WAL-MART #1517, a Foreign Limited Partnership

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VINCENT HUGHES, by and through his undersigned attorneys, hereby files this action against Defendant, WAL-MART STORES EAST, LP, d/b/a WAL-MART #1517, a Foreign Limited Partnership, and alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1.    This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest, and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.    At all times material, VINCENT HUGHES, was a resident of Broward County, Florida.

3. At all times material, Defendant, WAL-MART STORES EAST, LP, was and is a Foreign Limited Partnership with its principal place of business in Bentonville, Arkansas.

4. At all times material, Defendant, WAL-MART STORES EAST, LP, owned, operated, and managed WAL-MART #1517 located at 5001 North Federal Highway, Pompano Beach, Broward County, Florida 33064 (hereinafter "the premises").

5. On or about June 1, 2021, Plaintiff, VINCENT HUGHES, had a slip and fall incident at the "Front-End" and/or "Vestibule" area of the premises as he was entering the store where he sustained serious and permanent injuries.

6. As the incident alleged herein and the injuries sustained by Plaintiff occurred in Broward County, Florida this Court has jurisdiction over the matter.

**GENERAL ALLEGATIONS**

7. On or about June 1, 2021, Plaintiff, VINCENT HUGHES, was a business invitee at the premises that was owned, operated, and managed by Defendant, WAL-MART STORES EAST, LP.

8. As Plaintiff, VINCENT HUGHES, was entering the store and/or shortly after entering the store he slipped and fell on a wet floor.

9. Upon information and belief, the water was leaking from wet shopping carts that were being stored in the vestibule area. The carts were wet as there had been inclement weather outside prior to and/or during Plaintiff's arrival at the premises.

## **COUNT I – NEGLIGENCE AGAINST WAL-MART STORES EAST, LP**

Plaintiff re-alleges and re-affirms the allegations contained in Paragraphs one (1) through nine (9) above as if fully set forth herein and further states the following:

10. At all times material to the allegations contained herein, Defendant, WAL-MART STORES EAST, LP, had a non-delegable duty to maintain the premises in a reasonably safe condition for its business invitees including Plaintiff, VINCENT HUGHES.

11. At all times material to the allegations contained herein, Defendant, WAL-MART STORES EAST, LP, had a non-delegable duty to warn Plaintiff, VINCENT HUGHES, of latent or concealed dangers that are or should be known to the owner and that are unknown to the invitee and cannot be discovered through the exercise of due care.

12. On or about June 1, 2021, Defendant, WAL-MART STORES EAST, LP, breached its duties to Plaintiff and was negligent in that it:

   a. Failed to maintain the premises in a reasonably safe condition; and/or

   b. Failed to conduct timely and thorough inspections of the "Front-End" and "Vestibule" area of the store to identify conditions dangerous or hazardous to invitees so that the dangerous or hazardous conditions can be identified, and remedied in a timely manner; and/or

   c. Failed to properly train its agents, employees or representatives who were employed by or working at the premises on how to conduct inspections of the "Front-End" and "Vestibule" are of the store prior to Plaintiff's fall to identify dangerous and/or hazardous conditions on the premises; and/or

   d. Failed to utilize or place carpeted mats at the exterior entrance and inside the vestibule area when the front-end associates, cart pushers and management knew that there was inclement weather outside; and/or

   e. Failed to utilize caution cones or warnings signs to alert customers, including Plaintiff, of wet surfaces; and/or

   f. To the extent that carpeted mats were present at the entrance and vestibule, Defendant failed to properly train its agents, employees or representatives who

were employed by or working at the premises on how to inspect said carpeted mats to determine that the mats were oversaturated with water; and/or

g. Failed to replace a carpeted mat at the exterior entrance and inside the vestibule that was oversaturated with water; and/or

h. Failed to provide adequate and/or sufficient inclement weather supplies including but not limited to dry mops, buckets and/or a shop-vac, at the entrance and/or inside the vestibule when Defendant's front-end associates, cart pushers and management knew that there was inclement weather outside; and/or

i. Failed to provide proper and adequate training to its front-end associates and cart pushers on the use of dry mops and buckets during a time of inclement weather; and/or

j. Failed to select the proper or appropriate floor mat with an appropriate backing to be placed in front of the exterior entrance and in the vestibule area where Plaintiff's incident occurred; and/or

k. Failed to comply with standards set forth by NIOSH, ANSI, ASTM and/or NFSI concerning the use, inspection, maintenance and/or replacement of floor mats; and/or

l. Created a hazardous condition by installing the floor mat in area where Plaintiff's fall occurred when Defendant's agents, employees and/or representatives including the cart pushers and front-end associates, placed carpeted mats on a dirty and/or wet floor.

13. The dangerous and/or hazardous condition that caused Plaintiff's slip and fall existed for a sufficient period that the Defendant knew or should have known of its existence and taken steps to remedy or warn Plaintiff of the condition.

14. The dangerous and/or hazardous condition that caused Plaintiff's slip and fall occurred with such regularity and/or such frequency that the incident alleged herein was foreseeable.

15. As a direct and proximate result of the negligence of Defendant, WAL-MART STORES EAST, LP, Plaintiff, VINCENT HUGHES, has suffered serious personal injuries, and has in the past and will continue in the future to suffer the following damages:

a. personal injuries in and about her body and extremities; and/or

b. pain and suffering; and/or

c. disability; and/or

d. disfigurement; and/or

e. mental anguish; and/or

f. loss of capacity for the enjoyment of life; and/or

g. medical expenses for the care and treatment of her injuries; and/or

h. aggravation of a pre-existing condition.

WHEREFORE, Plaintiff, VINCENT HUGHES, demands judgment for damages and costs against Defendant, WAL-MART STORES EAST, LP.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFIED that the foregoing Complaint along with the Summons were electronically filed with the Clerk of Court this 18th day of March 2022.

        Respectfully submitted,

        By: /s/ *Thomas J. Jerla, Jr.*
        Thomas J. Jerla, Jr., Esq.
        Florida Bar No.: 570958
        MORGAN & MORGAN, P.A.
        *Attorneys for Plaintiff*
        8151 Peters Road, Suite 4000
        Plantation, FL 33324
        Phone: (954) 694-9599
        Fax: (954) 694-9684
        Email: tjerlajr@forthepeople.com