UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-60911-BLOOM/Valle

VINCENT HUGHES,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,
*a foreign limited partnership*
*doing business as*
Wal-Mart #1517

    Defendant.
_____/

**ORDER ON PLAINTIFF'S *DAUBERT* MOTION**

    **THIS CAUSE** is before the Court upon Plaintiff Vincent Hughes's *Daubert* Motion to Strike Nicole Bonaparte's Opinions as to Billing and Coding, ECF No. [28] ("Motion"). Defendant Wal-Mart Stores East, LP filed a Response in Opposition, ECF No. [40], to which Plaintiff did not reply. The Court has carefully reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I.  BACKGROUND**

    Plaintiff initiated this personal injury action against Defendant on March 18, 2022, in the 17th Judicial Circuit Court in and for Broward County, Florida. *See* ECF No. [1-2]. On May 13, 2022, Defendant removed the case to this Court. *See* ECF No. [1]. The Complaint alleges one count of negligence against Defendant. ECF No. [1-2]. Specifically, Plaintiff alleges that on June 1, 2021, he was a business invitee at a premises owned, operated, and managed by Defendant. *Id*. ¶ 7. He further alleges that as he was entering the store, or shortly after entering the store, he

slipped and fell on a wet floor. *Id*. ¶ 8. Plaintiff claims that as a direct and proximate result of Defendant's negligence, he suffered serious personal injuries and has in the past and will continue in the future to suffer damages. *Id*. ¶ 15.

On March 1, 2023, Plaintiff filed the instant Motion, ECF No. [28], seeking to strike the opinions of Defendant's billing and coding expert, Nicole Bonaparte ("Bonaparte").

## II. LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony. When a party proffers the testimony of an expert under Rule 702, the party offering the expert testimony bears the burden of laying the proper foundation, and that party must demonstrate admissibility by a preponderance of the evidence. *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291-92 (11th Cir. 2005); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). To determine whether expert testimony or any report prepared by an expert may be admitted, the court must engage in a three-part inquiry, which includes whether: (1) the expert is qualified to testify competently regarding the matters the expert intends to address; (2) the methodology by which the expert reaches his or her conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *See City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998) (citing *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)). The Court of Appeals for the Eleventh Circuit refers to each of these requirements as the "qualifications," "reliability," and "helpfulness" prongs. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). While some overlap exists among these requirements, the court must individually analyze each concept. *See id.*

As for the qualification prong, an expert may be qualified in the Eleventh Circuit "by

knowledge, skill, experience, training, or education." *J.G. v. Carnival Corp.*, No. 12-CV-21089, 2013 WL 752697, at *3 (S.D. Fla. Feb. 27, 2013) (citing *Furmanite Am., Inc. v. T.D. Williamson*, 506 F. Supp. 2d 1126, 1129 (M.D. Fla. 2007); Fed. R. Evid. 702). "An expert is not necessarily unqualified simply because [his] experience does not precisely match the matter at hand." *See id.* (citing *Maiz v. Virani*, 253 F.3d 641, 665 (11th Cir. 2001)). "[S]o long as the expert is minimally qualified, objections to the level of the expert's expertise go to credibility and weight, not admissibility." *See Clena Invs., Inc. v. XL Specialty Ins. Co.*, 280 F.R.D. 653, 661 (S.D. Fla. 2012) (citing *Kilpatrick v. Breg, Inc.*, No. 08-10052-CIV, 2009 WL 2058384, at *1 (S.D. Fla. Jun. 25, 2009)). "After the district court undertakes a review of all of the relevant issues and of an expert's qualifications, the determination regarding qualification to testify rests within the district court's discretion." *J.G.*, 2013 WL 752697, at *3 (citing *Berdeaux v. Gamble Alden Life Ins. Co.*, 528 F.2d 987, 990 (5th Cir. 1976)).[1]

Next, when determining whether an expert's testimony is reliable, "the trial judge must assess whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." *Frazier*, 387 F.3d at 1261-62 (citation and internal quotation marks omitted). To make this determination, the district court typically examines: "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." *See id.* (citing *Quiet Tech. DC-8, Inc. v. Hurel-Dubois, UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003)). The Eleventh Circuit has emphasized

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit rendered before October 1, 1981.

that the four factors above are not exhaustive, and a court may need to conduct an alternative analysis to evaluate the reliability of an expert opinion. *See id.* at 1262 ("These factors are illustrative, not exhaustive; not all of them will apply in every case, and in some cases other factors will be equally important in evaluating the reliability of proffered expert opinion."). Consequently, trial judges are afforded "considerable leeway" in ascertaining whether a particular expert's testimony is reliable. *See id.* at 1258 (citing *Kumho Tire Co.*, 526 U.S. at 152).

The final element, helpfulness, turns on whether the proffered testimony "concern[s] matters that are beyond the understanding of the average lay person." *Edwards v. Shanley*, 580 F. App'x 816, 823 (11th Cir. 2014) (quoting *Frazier*, 387 F.3d at 1262). "[A] trial court may exclude expert testimony that is 'imprecise and unspecific,' or whose factual basis is not adequately explained." *See id.* (quoting *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1111 (11th Cir. 2005)). To be appropriate, a "fit" must exist between the offered opinion and the facts of the case. *McDowell v. Brown*, 392 F.3d 1283, 1299 (11th Cir. 2004) (citing *Daubert*, 509 U.S. at 591). "For example, there is no fit where a large analytical leap must be made between the facts and the opinion." *See id.* (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136 (1997)).

Under *Daubert*, a district court must take on the role of gatekeeper, but this role "is not intended to supplant the adversary system or the role of the jury." *Quiet Tech.*, 326 F.3d at 1341 (citations and internal quotation marks omitted). Consistent with this function, the district court must "ensure that speculative, unreliable expert testimony does not reach the jury." *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002). "[I]t is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence." *Quiet Tech.*, 326 F.3d at 1341 (citations omitted) (quotation marks omitted). Thus, the district court cannot exclude an expert based on a belief that the expert lacks personal credibility. *See Rink*, 400

F.3d at 1293 n.7.

On the contrary, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Quiet Tech.*, 326 F.3d at 1341 (quoting *Daubert*, 509 U.S. at 596). "Thus, '[o]n cross-examination, the opposing counsel is given the opportunity to ferret out the opinion's weaknesses to ensure the jury properly evaluates the testimony's weight and credibility.'" *Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 674 F. Supp. 2d 1321, 1325 (S.D. Fla. 2009) (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir. 1988)). Ultimately, as noted, "a district court enjoys 'considerable leeway' in making" evidentiary determinations such as these. *Cook ex rel. Est. of Tessier*, 402 F.3d at 1103 (quoting *Frazier*, 387 F.3d at 1258).

### III. DISCUSSION

In the Motion, Plaintiff argues that Bonaparte's testimony should be excluded because: (1) it will be irrelevant and more prejudicial than probative; and (2) her opinions are not based on reliable methodology. *See generally* ECF No. [28]. Defendant responds that "applying established case law, it is apparent that [Bonaparte] satisfies each of the prongs necessary to permit her testimony." ECF No. [40] at 4. The Court begins its analysis with the helpfulness prong, which Plaintiff raised first in his Motion.

#### A. Helpfulness

Plaintiff argues that Bonaparte's testimony "is irrelevant and more prejudicial than probative." ECF No. [28] at 5-6. The Court interprets this argument as one that relates to the helpfulness prong. Plaintiff asserts that Bonaparte's reliance on CPT codes to determine whether Plaintiff's medical charges are reasonable is not relevant because those codes do not "determine the reasonableness of the medical treatment given, which is the only relevant issue in this case."

5

*Id*. Defendant responds that the reasonableness of medical charges is an issue for the jury in personal injury cases. Defendant further contends that "the analysis of a medical bill and whether it was coded correctly is a technical issue, which a jury does not have basic knowledge, making it an appropriate subject for expert testimony." ECF No. [40] at 7.

Defendant cites *State Farm Mut. Auto. Ins. Co. v. Bowling*, for the proposition that an expert witness's testimony about the analysis of a medical bill and whether it was coded correctly will aid the trier of fact. 81 So. 3d 538, 541 (Fla. 2d DCA 2012). In *Bowling*, the state appellate court held that it was error for the trial court to exclude the testimony of a medical billing and coding expert, Ms. Pacha. *Id*. The *Bowling* court stated, "While Ms. Pacha does not have the necessary medical background to render an opinion on whether the medical care allegedly provided to Mr. Bowling was reasonable, she does have the requisite skill and training to render an opinion on whether the bills submitted by his medical providers accurately reflect the care documented in the medical records of those same providers." *Id*.

*Bowling* is distinguishable from the instant case. As the Eleventh Circuit stated, in *Castellanos v. Target Corp.*, it reads *Bowling* "to be about, to a significant degree, an argument that the medical services billed did not reflect medical services actually delivered according to the treatment records and not about mainly a conflict over the reasonableness of charges for medical services, assumed to have been delivered." *Castellanos*, 568 F. App'x 886, 886 n. 2 (11th Cir. 2014). In that case, the Eleventh Circuit affirmed the decision of another court in this district to exclude Bonaparte. *Id*. at 886. Here, Defendant was clear that Bonaparte was not being offered for the purpose of testifying about Plaintiff's injuries or the appropriateness of certain treatments, but "will testify about the reasonableness of the medical charges." ECF No. [40] at 12-13. So, just as in *Castellanos*, Bonaparte is being offered to opine about the reasonableness of charges for medical

services assumed to have been delivered rather than about whether the medical services billed reflected medical services delivered.

Defendant also cites to *Taylor v. Allworth*, a case from the Middle District of Florida, in which the court declined to exclude the plaintiff's billing and coding expert entirely, permitting her to "testify that the CPT codes comport with the regular fees charged by the facility." No. 19-CV-1761, 2021 WL 4311051, at *5 (M.D. Fla. Sept. 22, 2021). Although that court permitted such testimony, analogous testimony by non-medical professionals regarding the reasonableness of fees charged for medical procedures has been excluded in the Southern District of Florida. *See Campo v. United States*, No. 18-CV-80946, 2020 WL 774286, at *3 (S.D. Fla. Jan. 13, 2020) ("[C]ourts in this district have previously found testimony about coding and billing practices by Ms. Coleman and other similar analysts to be unhelpful regarding a litigant's injuries or the reasonableness of medical treatments."). Bonaparte's *curriculum vitae* reflects that she holds certificates in medical coding, but does not have a medical education or training. *See* ECF No. [40-2].

Bonaparte's testimony was previously excluded when a court in this district found that her "testimony would not assist the 'trier of fact . . . to understand the evidence or to determine a fact in issue.'" *Maluff v. Sam's E., Inc.*, No. 17-CV-60264, 2017 WL 5290879, at *1-2 (S.D. Fla. Nov. 9, 2017) (quoting *Frazier*, 387 F.3d at 1260)). The *Maluff* court found the Eleventh Circuit's holding in *Castellanos* instructive. *Maluff*, 2017 WL 5290879, at *2. In *Castellanos*, the Eleventh Circuit ruled that the district court's exclusion of Bonaparte in that case was not an abuse of discretion. *Castellanos*, 568 F. App'x at 886. The *Maluff* court excerpted relevant portions from the transcript in *Castellanos* reflecting the district court's rational for striking Bonaparte. *Maluff*, 2017 WL 529087, at *2. Here, too, the exchange on the record before the district court in *Castellanos* is relevant:

> THE COURT: . . . [Bonaparte] speaks to the issue of how the charges are coded when they are reimbursed by the insurance companies. She can tell us whether something, for example, was double billed or they coded a broken leg as opposed to a compound fracture.
> She can't say or speak to the fact that this was a severe injury, they needed to do X number of things, this treatment was important, and here's my bill.
>
> MR. BOBER: That is not the purpose for which she's being offered. She's being offered not only as to the code but as to the reasonable charges - - what is currently being charged for these types of treatments.
> She is not going to say she should have had this surgery or should not have had that surgery. She would say this is the reasonable and customary amount charged.
>
> THE COURT: Well then you can bring in a doctor to say if I treated X person I would have done this and the charge would have been this, and this is what is customarily charged for this particular procedure.
> You can have Ms. Bonaparte standing by. But unless something extraordinary comes up during the course of the Plaintiff's case I am not going to allow that testimony from Ms. Bonaparte. Right now she has no place in this case. As I said, you can call a doctor to get in that testimony.

Transcript of Hearing Held on August 21, 2012, at 4, *Castellanos v. Target Corp.*, No. 11-CV-62467 (S.D. Fla. August 21, 2012).

Bonaparte is again being offered for the identical purpose, to provide opinion testimony as to the reasonable and customary amounts charged for the procedures billed by Plaintiff's medical providers. So, just as in *Castellanos*, where the Eleventh Circuit affirmed Bonaparte's exclusion, and *Maluff*, where another court in this district held that "Bonaparte has no place in this case", this Court finds that her testimony will not be helpful to the jury. *See Castellanos*, 568 F. App'x at 886; *Maluff*, 2017 WL 5290879, at *2. Because the Court has determined that Bonaparte's testimony will not aid the trier of fact, it need not consider the parties remaining arguments.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's *Daubert* Motion to Strike Nicole Bonaparte's Opinions as to Billing and Coding, **ECF No. [28]**, is **GRANTED**.

Case No. 22-cv-60911-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 1, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record